UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LASHAWN M. ROSE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-01841-SEB-MG |
| | ) | |
| MARION COUNTY H.D.C. COMMISSIONER, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DISMISSING AMENDED COMPLAINT
AND DIRECTING FURTHER PROCEEDINGS**

LaShawn Rose alleges violations of his right to medical care for a knee injury while
incarcerated at the Marion County Adult Detention Center and New Castle Correctional Facility.
Because Mr. Rose is a prisoner, the Court must screen his amended complaint pursuant to 28
U.S.C. § 1915A.

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or
malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is
immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a
claim, the Court applies the same standard as when addressing a motion to dismiss under Federal
Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under
that standard, a complaint must include "enough facts to state a claim to relief that is plausible on
its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility
when the plaintiff pleads factual content that allows the court to draw the reasonable inference that
the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

In his amended complaint, Mr. Rose seeks damages and injunctive relief from two defendants. The GEO Group is a private entity that manages New Castle Correctional Facility (NCCF) on behalf of the Indiana Department of Correction. Centurion Health of Indiana, LLC, is a private entity providing medical care to NCCF inmates.

Mr. Rose alleges that he injured his knee in 2022 while incarcerated in Marion County. He never saw a doctor despite requesting to do so.

Five months after the initial injury, Mr. Rose arrived at NCCF. He aggravated the injury in September or October of 2022 and requested to see a doctor. He did not see a doctor until December 2022. He received an x-ray, which showed no broken bones, but the x-ray was not the proper imaging to diagnose his injury. His knee is swollen and in pain. His requests to see a physician have been denied.

## III. Discussion of Claims

Although private entities, Centurion and GEO act under color of state law by contracting to manage NCCF and to provide medical care to inmates, so they are treated as government entities for purposes of constitutional claims under 42 U.S.C. § 1983. *See Minix v. Canarecci*, 597 F.3d 824, 832 (7th Cir. 2010); *Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002). To state a claim against Centurion or GEO, Mr. Rose must allege that he suffered a constitutional deprivation as the result of a corporate policy, practice, or custom. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690–91 (1978); *Walker v. Wexford Health Sources*, 940 F.3d 954, 966 (7th

Cir. 2019) ("Prevailing on [a *Monell*] claim requires evidence that a Wexford policy, practice, or custom caused" the constitutional violation alleged.").

The amended complaint alleges that Mr. Rose has not received adequate medical attention for his knee injury. No allegation in the amended complaint, however, supports a reasonable inference that his requests for treatment have been ignored, or that his treatment has been delayed, because of a policy, practice, or custom of Centurion or GEO. Accordingly, constitutional claims must be **dismissed** for **failure to state a claim** upon which relief may be granted.

Mr. Rose also appears to assert negligence claims. *See* dkt. 24 at 2. Negligence is a state-law claim that does not implicate this Court's federal question jurisdiction. 28 U.S.C. § 1331; *see Schmidt v. Fuiks*, 796 F. App'x 316, 317 (7th Cir. 2020) ("And we see no basis for federal-question jurisdiction. . . . Here, the cores of Schmidt's claims—alleging fraud, negligence, and medical malpractice—all arise under state, not federal law."). The complaint provides no basis for inferring that any defendant is a citizen of a state other than Indiana, so negligence claims would also fail to implicate this Court's diversity jurisdiction. *See* 28 U.S.C. § 1332. Negligence claims must be **dismissed** for **lack of subject matter jurisdiction**.

Lacking any actionable claim against any defendant, the amended complaint must be dismissed.

### IV. Conclusion.

The complaint is **dismissed** for the reasons discussed in Part III.

Mr. Rose will have **through June 7, 2024,** to file a second amended complaint that sets forth an actionable claim for relief. The second amended complaint will be screened pursuant to 28 U.S.C. § 1915A. If Mr. Rose does not file a second amended complaint in the time provided, or if the complaint does not state a claim, the Court will dismiss the action and enter final judgment.

Mr. Rose's amended complaint must be labeled "Second Amended Complaint" and include the case number for this action, No. 1:23-cv-01841-SEB-MG. The second amended complaint will completely replace all previous complaints. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation Mr. Rose wishes to pursue in this action.

If Mr. Rose wishes to pursue claims against a corporate or municipal entity, his allegations must support a reasonable inference that his rights were violated due to a corporate or municipal policy, practice, or custom, as discussed in Part III above. If Mr. Rose wishes to pursue claims against an individual, he must identify the individual, and his allegations must support a reasonable inference that the individual was personally involved in or responsible for violating Mr. Rose's rights. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) ("[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation.") (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation . . . . A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")).

The Court previously issued process to the Marion County Sheriff for the limited purpose of responding to discovery requests that may allow Mr. Rose to identify proper defendants related to his alleged mistreatment at the Adult Detention Center. Mr. Rose's motion to compel, dkt. 27, does not make clear whether he served a discovery request on the Sheriff after the Sheriff appeared or whether the motion is intended to convey a discovery request. The Court construes Mr. Rose's

request as a request for his medical records and requests for medical care between March and September of 2022. *See* dkt. 27 at 4. Mr. Rose's motion, dkt. [27], is **granted** to the limited extent that the **Sheriff is directed** to treat the request as a proper request for production served on the date of this order and respond accordingly.

   **IT IS SO ORDERED.**

Date:    5/10/2024

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

LASHAWN M. ROSE, JR.
290837
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

Barry F. McGinley
Frost Brown Todd LLP
bmcginley@fbtlaw.com

Anthony W. Overholt
Frost Brown Todd LLP
aoverholt@fbtlaw.com