UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

LASHAWN M. ROSE, JR.,                )
                                     )
             Plaintiff,              )
                                     )
        v.                           )        No. 1:23-cv-01841-SEB-MG
                                     )
MARION COUNTY H.D.C. COMMISSIONER,   )
                                     )
             Defendant.              )

**ORDER DISMISSING SECOND AMENDED COMPLAINT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The Court dismissed two complaints in which LaShawn Rose alleged inadequate care for a knee injury at the Marion County Adult Detention Center (MCADC) and New Castle Correctional Facility (NCCF). Dkts. 22, 30. In both cases, Mr. Rose failed to allege a plausible claim for relief against any defendant.

Mr. Rose has filed a second amended complaint, which the Court must screen pursuant to 28 U.S.C. § 1915A. Because it too fails to state a plausible claim for relief against any defendant, this action is dismissed pursuant to § 1915A, and the clerk is directed to enter final judgment.

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Second Amended Complaint

Mr. Rose asserts claims for damages and injunctive relief against three defendants, which he identifies as the MCADC medical staff, the GEO Group, Inc., and Centurion Health of Indiana, LLC. His claims are based on the following allegations, which the Court accepts as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

Mr. Rose injured his knee playing soccer at the MCADC in April 2022. He believes he tore a muscle or tendon. He does not specifically describe his symptoms at that point.

Mr. Rose submitted requests to see the medical staff and was told to purchase over-the-counter pain medication from the commissary. At some point he was given an opportunity to see a nurse or doctor but refused to do so because he was told he would be charged money, which he did not have. He states that the medical staff "let [him] suffer in pain" until he moved to New Castle Correctional Facility (NCCF) in September 2022.

At some point while he was still at the MCADC, Mr. Rose began to "self-medicate." Dkt. 32 at 3. This was effective until he arrived at NCCF, and "the pain came back harder [than] ever." *Id.* at 3–4.

Mr. Rose aggravated the injury playing basketball in approximately late October 2022. He submitted healthcare requests but did not see a doctor until December 2022. She ordered an x-ray, which revealed no broken bones.

Mr. Rose continues to submit health care requests but continues to get "the run around." *Id.* at 4. One nurse has helpfully provided a knee brace, a bottom bunk pass, and over-the-counter pain medication, which has not been effective. She arranged for Mr. Rose to receive an ultrasound, but he has not seen a doctor yet. His knee is swollen and in constant pain.

### III. Discussion of Claims

Although private entities, Centurion and GEO act under color of state law by contracting to manage NCCF and to provide medical care to inmates, so they are treated as government entities for purposes of constitutional claims under 42 U.S.C. § 1983. See *Minix v. Canarecci*, 597 F.3d 824, 832 (7th Cir. 2010); *Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002). To state a claim against Centurion or GEO, Mr. Rose must allege that he suffered a constitutional deprivation as the result of a corporate policy, practice, or custom. See *Monell v. Dep't of Social Services*, 436 U.S. 658, 690–91 (1978); *Walker v. Wexford Health Sources*, 940 F.3d 954, 966 (7th Cir. 2019) ("Prevailing on [a *Monell*] claim requires evidence that a Wexford policy, practice, or custom caused" the constitutional violation alleged.").

The amended complaint alleges that Mr. Rose has not received adequate medical attention for his knee injury. No allegation in the amended complaint, however, supports a reasonable inference that his requests for treatment have been ignored, or that his treatment has been delayed, because of a policy, practice, or custom of Centurion or GEO. Accordingly, constitutional claims against these defendants must be dismissed for failure to state a claim upon which relief may be granted.

Mr. Rose also asserts claims against the MCADC medical staff. Any claim against the Jail fails because the Jail is not a person who can be sued under 42 U.S.C. § 1983. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) ("[T]he district court was correct that, in listing

the Knox County Jail as the sole defendant, Smith named a non-suable entity."). Any claim against a different municipal entity fails for the same reasons his claims against Centurion and GEO fail: He has not identified a municipal policy, practice, or custom that has caused him to receive inadequate medical care or otherwise supported a reasonable inference that he has been wronged due to a municipal policy, custom, or practice. And, he has not identified any MCADC employee who could be sued as an individual under § 1983, even though the Court issued process to the Marion County Sheriff and allowed Mr. Rose to pursue discovery for the purpose of identifying such individuals. *See* dkt. 22 at 3–4.[1] "It is pointless to include an anonymous defendant in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (cleaned up); *see also Herrera v. Cleveland*, 8 F.4th 493, 499 (7th Cir. 2021) (Plaintiff used "John Doe" placeholders in original complaint, then amended after learning defendants' names, but amendments did not relate back because "suing a John Doe defendant is a conscious choice, not an inadvertent error.").

### IV. Conclusion

This action is **dismissed without prejudice** pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. If Mr. Rose is able to identify an individual or a corporate or municipal policy or practice he believes is responsible for his inadequate medical

---

[1] The Court notes Mr. Rose's request that the Court appoint an attorney to assist him. Dkt. 32 at 2. The Court need not rule on this request because he did not present it as a standalone motion. Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."). Had he done so, the Court would deny his motion because he has not satisfied the threshold requirement of demonstrating that he made reasonable efforts to recruit an attorney on his own. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021).

care, he may be able to pursue his claims in a new lawsuit. The **clerk is directed** to enter **final judgment**.

       **IT IS SO ORDERED.**


Date:
         8/30/2024

                     SARAH EVANS BARKER, JUDGE
                     United States District Court
Distribution:                  Southern District of Indiana

LASHAWN M. ROSE, JR.
290837
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

Barry F. McGinley
Frost Brown Todd LLP
bmcginley@fbtlaw.com

Anthony W. Overholt
Frost Brown Todd LLP
aoverholt@fbtlaw.com